**STATE, ex rel. MASON, Petitioner, v. ALVIS et, Respondents.**

Common Pleas Court, Franklin County.

No. 190646.   Decided October 2, 1954.

Russell G. Mason, In Propria Persona.

Hon. C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By BARTLETT, J.

WRIT OF HABEAS CORPUS DENIED, AND PETITIONER REMANDED TO CUSTODY OF THE WARDEN OF OHIO PENITENTIARY ACCORDING TO LAW.

### FACTS

Habeas Corpus hearing. The facts appear to be that petitioner was sentenced to the Ohio Penitentiary on March 6, 1945, to serve a sentence of 10 to 25 years on two counts of armed robbery, later made to run concurrently. Hearing on parole was held in August, 1951, and the Ohio Pardon and Parole Commission continued the matter on its merits to August, 1954.

About May 1st, 1953, the warden and deputy warden preferred charges against the petitioner, to-wit: obtaining money by false pretense in the sum of $75.00, etc.; and petitioner was tried by the Institutional Court of the Ohio Penitentiary, and found guilty. The sentence among other things is that the prisoner should be assessed one year additional time in the institution before parole.

This finding and recommendation was communicated by the Warden to the Pardon and Parole Commission; and at their August meeting this year, the Commission continued a hearing on the petitioner's parole for two years.

The petitioner claims he is being denied parole, solely because the prison court assessed another year before parole. The fact is, however, the Commission added two years instead of one as recommended.

### LAW

Sec. 5145.03 R. C. The Department of Public Welfare is authorized to make such rules and regulations for the government of prisoners as tend to promote their reformation, etc. Sec. 5145.04 R. C. gives the department such control over prisoners as may prevent them from committing crime, etc. Sec. 5145.05 R. C. requires the entry on the prisoner's

register at the penitentiary notes of observed improvement or deterioration of character of the prisoner, "**orders or alterations affecting his standing or situation, and subsequent facts of personal history which may be officially brought** to the knowledge of the department of public welfare bearing upon the propriety of the release or parole of prisoners." (Emphasis ours.)

Sec. 2965.31 R. C. provides a person confined in a state penal institution and not eligible to parole before the expiration of a minimum sentence or term of imprisonment, or sentenced thereto under a general sentence, "**who has faithfully observed the rules of said institution, is entitled to**" certain diminution of his minimum sentence. In the case of the petitioner, his time off for good behavior would be, "eleven days from each of the months of his minimum sentence," of ten years; and said section further provides: "at the expiration of the minimum sentence, diminished as provided by this section, each prisoner is eligible for parole."

But it must be borne in mind that the prisoner is not entitled to this diminution of his minimum sentence for good behavior unless he earns it, that is "faithfully observed the rules of said institution." The report of the warden to the Pardon and Parole Commission, with a recommendation that the prisoner's sentence be continued another year before parole, indicates he has not earned the diminution of sentence he claims.

In any event he has not served the minimum sentence provided by law for his offense.

1. * * * "Credits allowed for good behavior reduce the time within which a prisoner is eligible for parole, and are not to be deducted from the minimum sentence so as to reduce the term of imprisonment.

"2. The prisoner confined in the Ohio Penitentiary is not entitled to a parole as a matter of right upon the expiration of his minimum term of imprisonment." **Ex Parte Tischler, 127 Oh St 404.**

Under §2965.17 R. C. "the pardon and parole commission may determine the time when, the period for which, and the conditions in accordance with which any prisoner confined in a state penal or reformatory institution may be allowed to go upon parole" etc.

The rights of the parolee are based solely on the discretion of the Commission who can grant or refuse a parole for any or no reason. **State, ex rel. Allen V. Allerding, etc. et al.** Case No. 715, Court of Appeals, Richland County. Appeal therefrom as of right dismissed. **160 Oh St 80.**

Therefore, "if a prisoner has not served his maximum sentence and has not been paroled, he must be retained at the Ohio Penitentiary even though he comes within the provisions of §2965.31 R. C. (formerly §2210 GC), as to the allowance of time for good behavior. (It is denied in the instant case, however, that the prisoner is entitled to such credit for good behavior; and the Court rules it is immaterial whether the prisoner be given such credit in the instant case, for in any event he cannot be released from the Ohio Penitentiary without either a parole by the commission or expiration of his maximum sentence of ten years.

The petitioner, having not been paroled and having not served his maximum sentence, under the law, the Writ of Habeas Corpus is denied, and the petitioner is remanded to the custody of the Warden of the Ohio Penitentiary to serve the balance of his sentence as provided by law.

Entry accordingly with exceptions by the petitioner.